**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  03-cv-00079-REB-MJW

DIRECTV, INC., a California corporation,

    Plaintiff,

v.

LYLE GAURMER,

    Defendant.

**ORDER RE: DIRECTV'S MOTION
FOR RELIEF ON ITS FIRST AND SECOND CLAIMS**

**Blackburn, J.**

The matter before me is **DIRECTV's Motion for Relief On Its First and Second Claims** [#64], filed March 14, 2005.  By this motion, plaintiff requests that I award it statutory damages, attorney's fees and costs, and permanent injunctive relief against the sole remaining defendant in this lawsuit, Lyle Gaurmer.  I grant the motion in part and deny it in part.

On July 20, 2004, I granted plaintiff's motion for summary judgment as to its first and second claims for relief.  (*See* Order Granting DIRECTV's Motion for Summary Judgment [#60], filed July 20, 2004.)[1]  I thereby found that defendant had violated the Federal Communications Act ("FCA"), 47 U.S.C. § 605(a), and the Electronic

---

[1] Although the title of the operative order contains a typographical error, plaintiff voluntarily dismissed its remaining claims – Counts III through VII – against Gaurmer.  (*See* Order of Dismissal Without Prejudice of DIRECTV's Counts III - IV [sic] [#63], filed August 3, 2004.)

1

Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1)(a), by intercepting plaintiff's satellite television programming without authorization.  A party who proves a violation of the ECPA is entitled to recover "(1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred."  18 U.S.C. § 2520(b).  Plaintiff here seeks all three forms of relief.

With respect to damages, the ECPA provides that "the court may assess as damages whichever is the greater of –

>    (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
>    (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

*Id*., § 2520(c)(2)(B).[2]  Plaintiff here requests only statutory damages.  The evidence shows that Gaurmer had the ability to pirate plaintiff's satellite signals for a period of 257 days, from May 21, 2001, to February 2, 2002.  Plaintiff, however, requests only $10,000 in statutory damages.  An award in that amount is entirely appropriate, and plaintiff's motion on that basis will be granted.

Plaintiff also requests the entry of a permanent injunction against Gaurmer to prevent him from engaging in future violations of plaintiff's rights in its encrypted

---

[2] Plaintiff erroneously cites to section 2520(c)(1)(B) of the statute, which applies only if "conduct in violation of this chapter is the private viewing of a private satellite video communication that is not scrambled or encrypted."  Clearly, that section is inapplicable here.

2

satellite transmissions. Because there is no evidence that Gaurmer has relinquished the pirating devices that allowed him to illegally intercept plaintiff's satellite signals, I find that plaintiff is entitled to have Gaurmer enjoined from further use of those devices, or otherwise from continuing to illegally intercept plaintiff's encrypted satellite programming without proper authorization.[3]

Finally, plaintiff requests attorney's fees of $850 and costs of $180 incurred in prosecuting this suit. Although the statute contemplates an award of attorney's fees and costs, plaintiff has presented no evidence in support of its request for an award of such amounts. I therefore have no basis on which to determine that the requested fees and costs are "reasonable," as required by the ECPA. *See* 18 U.S.C. § 2520(b)(3). However, plaintiff is entitled to its costs pursuant to Fed.R.Civ.P. 54(d)(1) in any event, and thus may attempt to recoup such costs as are recoverable pursuant to that rule by timely submitting a Bill of Costs to the Clerk of the Court.

**THEREFORE, IT IS ORDERED** as follows:

1. That **DIRECTV's Motion for Relief On Its First and Second Claims** [#64], filed March 14, 2005, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's request for statutory

---

[3] Plaintiff's proposed form of injunction, however, is unacceptable. Plaintiffs asks me to enter an injunction by which "defendant is permanently restrained and enjoined from violating the Federal Communications Act, **47 U.S.C.** § **605(a)** and the Electronic Communications Privacy Act, **18 U.S.C.** § **2511(1)(a)**, by intercepting DIRECTV's encrypted satellite transmissions of television programming without authorization." (Plf. Motion App., Exh. 2-3 at 1, ¶ 3.) An injunction that merely tells a party to obey the law is disfavored. *See* ***Glover Construction Co. v. Babbitt***, 1999 WL 51784 at *2 (10th Cir. Feb. 5, 1999); ***United States v. Louisiana-Pacific Corp.***, 682 F.Supp. 1141, 1167 (D. Colo. 1988). An enjoined party must receive fair notice of what conduct is prohibited so as to avoid the threat of contempt. *See **Louisiana-Pacific Corp.***, 682 F.Supp. at 1167; ***see also Louis W. Epstein Family Partnership v. Kmart Corp.***, 13 F.3d 762, 771 (3rd Cir. 1994).

damages;

3. That the motion is further **GRANTED** with respect to plaintiff's request for the entry of a permanent injunction against defendant Lyle Gaurmer;

4. That the motion is in all other respects **DENIED**;

5. That judgment **SHALL ENTER** on behalf of plaintiff and against defendant, Lyle Gaurmer, in the principal amount of $10,000;

6. That defendant Lyle Gaurmer is hereby permanently **ENJOINED** and **RESTRAINED** from any future interception of plaintiff's encrypted satellite television signals by means of any device, including but not limited to (1) an Intertek Blue Emulator Board; (2) an Intertek Blue Unlooper; and/or (3) a Vector Nextgen2 Programmer, or otherwise without proper authorization from plaintiff;

7. That plaintiff is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1; and

8. That the plaintiff is **AWARDED** post-judgment interest from the date of this order until the judgment is fully paid, pursuant to 28 U.S.C. § 1961.

Dated January 26, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**